UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

DANNY SIMS,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )     Case No.:  4:23-cv-04221-JEH
                                     )
                                     )
KENDALL W. HOCKER and                )
TYRONE L. BAKER,                     )
                                     )
            Defendants.              )

### Order

This cause is before the Court on Defendants Kendall W. Hocker and Tyrone L. Baker's motion for summary judgment.

### I

### A

Plaintiff Danny Sims is an inmate with the Illinois Department of Corrections (IDOC). Currently and during the relevant time, Plaintiff was housed at the IDOC's Henry Hill Correctional Center (Hill). Also during the relevant time, Defendant Kendall Hocker was a Program Unit Hearing Officer at Hill, and Defendant Tyrone Baker was the Warden at Hill.

On March 14, 2023, Sergeant Oelberg issued a disciplinary ticket to Plaintiff for disobeying a direct order. Initially, Sergeant Oelberg issued the ticket as a major infraction, but the ticket was later corrected to be deemed a minor infraction. Minor tickets issued to inmates at Hill are heard and adjudicated by the Program Unit.

1

On March 24, 2023, the Program Unit Committee held a hearing on the disciplinary ticket that Sgt. Oelberg had issued to Plaintiff. Defendant Hocker was the Chairperson assigned to hear the minor ticket. At this hearing, Plaintiff testified on his own behalf, and he asked Defendant Hocker to view the video evidence of the incident, which Plaintiff contended supported his version of the facts. Also at the hearing, Plaintiff gave a list of individuals to Defendant Hocker whom he wanted to call as witnesses on his behalf. Plaintiff's list of witnesses did not include a description of what the witnesses would say if they had been allowed to testify. At the conclusion of the hearing, Plaintiff asked Defendant Hocker to find him not guilty of the charged offense and to dismiss the ticket against him.

According to his affidavit (which Plaintiff disputes), Defendant Hocker reviewed the relevant video evidence. In Defendant Hocker's opinion, the video evidence showed Sgt. Oelberg walking towards Plaintiff and towards three other inmates who were standing near Plaintiff. Defendant Hocker testified that the video evidence showed Plaintiff and the other inmates turn to look at Sgt. Oelberg, and it appeared as if Sgt. Oelberg had said something to them. Finally, according to Defendant Hocker, the video evidence showed that, after Sgt. Oelberg apparently said something to the inmates, Plaintiff and the other inmates stood in placed for (approximately) two to three minutes before they left.

Based mostly upon this video evidence, Defendant Hocker discounted Plaintiff's statement that he did not hear Sgt. Oelberg's three orders, and therefore, he did not knowingly disregard the orders. Accordingly, Defendant Hocker found Plaintiff guilty on the ticket issued by Sgt. Oelberg, and Plaintiff received discipline in the form of a job assignment change. No other discipline was recommended or given to Plaintiff.

On December 11, 2023, Plaintiff filed this lawsuit in the United States District Court for the Southern District of Illinois, alleging a violation of his Constitutional

rights based upon the issuance of the March 14, 2023 disciplinary ticket and the finding of guilt on the ticket. On December 12, 2023, the Southern District transferred Plaintiff's case to this Court. On May 16, 2024, this Court conducted a merit review of Plaintiff's Complaint, that is required by 28 U.S.C. § 1915A, and determined that Plaintiff's Complaint stated a claim against Warden Baker and Defendant Hocker for violating Plaintiff's Fourteenth Amendment Due Process rights. Warden Baker and Defendant Hocker have now moved for summary judgment on Plaintiff's claim against them.

**B**

Defendants argue that they are entitled to summary judgment for a variety of reasons. *First*, Defendant Hocker argues that he is entitled to summary judgment because Plaintiff has failed to demonstrate that he possessed a liberty interest protected by the Fourteenth Amendment's Due Process Clause. Defendant Hocker contends that the only discipline imposed upon Plaintiff as a result of the March 14, 2023, guilty finding was job assignment change. As the Court noted in the Merit Review Order, the loss of a prison job does not constitute a violation of an inmate's Due Process rights. Therefore, Defendant Hocker asserts that Plaintiff's claim fails as a matter of law because he was not deprived of any Due Process rights as a result of the March 14, 2023 ticket and the adjudication of guilt on that ticket by Defendant Hocker.

*Second*, Defendant Hocker argues that Plaintiff is mistaken in his belief that he did not view the relevant video evidence before finding Plaintiff guilty on the ticket issued by Sgt. Oelberg. As for the witnesses whom Plaintiff wanted to call to testify on his behalf, Defendant Hocker notes that Plaintiff did not provide that list to him until the time of the hearing. Defendant Hocker further notes that Plaintiff failed to explain what each witness would say if the witness were interviewed. As such, Defendant Hocker argues that Plaintiff did not follow the

proper procedure to have witnesses called at his hearing, and Defendant Hocker asserts that Plaintiff received all of the Due Process to which he was entitled at the hearing pursuant to the United States Supreme Court's holding in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the IDOC's rules and regulations.

*Third*, Warden Baker argues that he is entitled to summary judgment because he lacked the personal involvement necessary to be held liable under § 1983. Specifically, Warden Baker contends that the undisputed evidence shows that he was not involved in the issuance of Plaintiff's disciplinary ticket or the adjudication of Plaintiff's disciplinary ticket. As for Plaintiff's argument that Warden Baker instituted or maintained a policy that directed that the Adjustment Committee and the Program Unit Committee to always find inmates at Hill guilty on disciplinary tickets issued to them, Warden Baker asserts that Plaintiff has failed to offer any evidence of the existence of such a policy. Warden Baker states that Plaintiff has failed to offer any such evidence because no such policy exists. According, Defendants move the Court to enter summary judgment in their favor on Plaintiff's Due Process claim against them.

## C

Plaintiff argues that genuine issues of material fact exist that preclude the Court from entering summary judgment in Defendants' favor. Plaintiff asserts that, contrary to Defendant Hocker's argument, he lost good time credits in addition to his job as a result of the adjudication of guilt on March 24, 2023. Plaintiff claims that the loss of these good time credits has increased the duration of his incarceration with the IDOC and constitutes a protectible liberty interest for purposes of the Fourteenth Amendment's Due Process Clause.

Furthermore, Plaintiff argues that a dispute of fact exists regarding if and when Defendant Hocker viewed the video evidence of the incident. Plaintiff contends that, even if Defendant Hocker did view the video, the evidence did not

support his finding of guilt, as evidenced by Defendant Hocker's statement that the video only "seemed" like Sergeant Oelberg was saying something to Plaintiff and the other inmates. Based upon Defendant Hocker's equivocation as to what the video showed and based upon the evidence that he presented (specifically, his denial of hearing and  disobeying Sgt. Oelberg's orders), Plaintiff argues that the Court should deny Defendants Hocker's motion for summary judgment.

As for Warden Baker, Plaintiff argues that, as the Chief Administrative Officer at Hill, he is responsible for  the safety of the inmates who reside there, and Warden Baker is responsible for the actions of the staff who serve under him. In addition, Plaintiff offers the declarations of other inmates incarcerated at Hill who have testified that Warden Baker has directed the correctional officers always to find inmates guilty on disciplinary tickets issued to the inmates. Accordingly, Plaintiff asks the Court to deny Defendants' motion for summary judgment.

## II

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986) (Brennan, J., dissenting) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III

As the Court noted in the Merit Review Order, Plaintiff's Complaint stated a claim against Defendant Hocker and Warden Baker for (allegedly) violating his Due Process rights in relation to the hearing and the adjudication of guilt on the March 14, 2023 disciplinary ticket issued to him. In order to establish a Due Process claim related to disciplinary proceedings, an inmate must demonstrate: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019).

Here, the Court agrees with Defendant Hocker that Plaintiff has failed to show that he was deprived of a liberty interest that is protected by the Fourteenth Amendment's Due Process Clause in relation to the issuance of or the adjudication of guilt on his March 14, 2023 disciplinary ticket. The Court makes this finding for three reasons.

*First*, as the Court explained in the Merit Review Order, Plaintiff has no Constitutional interest in obtaining or retaining any job(s) at Hill. *E.g.*, *Smith v. Dodd*, 2022 WL 2669160, * 3 (S.D. Ill. July 11, 2022) ("Prison inmates do not have a constitutional right to any form of prison employment . . . ."); *Harris v. Greer*, 750

6

F.2d 617, 618 (7th Cir. 1984) (holding that an inmate has no constitutional right to a job of his choice). Therefore, to the extent that he is attempting to argue that his job re-assignment violated his Fourteenth Amendment rights, Plaintiff is incorrect as a matter of law.

*Second*, to the extent that Plaintiff is arguing that his loss of good time credits when he was found guilty on the charge and when he lost his job as a result constitutes a liberty interest that is protected by the Due Process Clause, Plaintiff is incorrect as a factual matter. In his argument, Plaintiff has taken two contrary positions: he lost good time credits after he lost his job, and he lost the potential to earn good time credits when he lost his job after being found guilty in March 2023.

Initially, the Court notes that Plaintiff has presented no admissible evidence that shows that he actually lost any good time credits when he was fired from his prison job in March 2023. Even in his Complaint, Plaintiff concedes that he did not actually lose any good time credits; he only lost the opportunity to earn future credit.[1]

In other words, the undisputed evidence shows that Plaintiff only lost the opportunity to earn good time credits when he lost his prison job. Plaintiff did not lose any good time credits earned prior to his termination. Because Plaintiff did not lose credit time as a disciplinary sanction due to the allegedly false disciplinary charge and resulting hearing, the Due Process Clause does not apply because the "due process clause of the [F]ourteenth [A]mendment ... applies only to deprivations of life, liberty, and property. Otherwise states are free to act summarily." *Marion v. Radtke*, 641 F.3d 874, 875 (7th Cir. 2011). Termination from a prison job, the loss of privileges, or a transfer to a less desirable location do not

---

[1] In his prayer for relief, Plaintiff alleged that due to Defendants' violation of his Due Process rights, he lost the eligibility to earn good time credits on the day that he was fired.

trigger due process protections. *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (claims that inmate "lost his preferred prison living arrangement, his prison job and his eligibility for rehabilitative programs" were not significant enough to trigger due process concerns); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments"); *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1995) (no liberty or property interest in educational programs).

*Third*, even if he had lost credit time, Plaintiff could not pursue a § 1983 claim that he was wrongfully charged until the guilty finding was overturned. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would 'necessarily imply' the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.") (construing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Plaintiff has not demonstrated or even alleged that his finding of guilt on the March 14, 2023, was overturned in some manner. Therefore, Plaintiff's claim against Defendant Hocker is barred by the United States Supreme Court's holding on this issue.

Finally, regardless of how he tries to characterize his claim against Warden Baker, Plaintiff's claim against Warden Baker is based upon the doctrine of *respondeat superior*. Again, as the Court explained in the Merit Review Order, Warden Baker must have been personally involved in denying (allegedly) Plaintiff's Constitutional rights in order to be held liable under § 1983 because "individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Plaintiff has offered no admissible evidence with which to create a genuine disputed of fact sufficient to preclude summary judgment on the issue of Warden Baker's personal

involvement in the alleged denial of his Fourteenth Amendment Due Process rights.[2] Therefore, Defendants are entitled to the summary judgment that they seek.

**IT IS, THEREFORE, ORDERED:**

1.    **Defendants' motion for summary judgment [33] is GRANTED.**

2.    **Accordingly, the Clerk of the Court is directed to enter judgment, with prejudice, in all Defendants' favor and against Plaintiff.**

3.    **All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

4.    **If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

5.    **If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken**

---

[2]  In an attempt to demonstrate the existence of a policy created or maintained by Warden Baker that violated his Due Process rights, Plaintiff has offered the affidavits of three fellow inmates at Hill who testified that the policy at Hill is always to find inmates guilty on disciplinary tickets. However, these affidavits are improper because the inmates did not sign the purported affidavits under penalty of perjury. 28 U.S.C. § 1746. In addition, the inmates offer speculation regarding the existence of an unconstitutional policy at Hill that is outside of their personal knowledge. As such, the inmates' affidavits are insufficient to preclude summary judgment in Warden Baker's favor. *See DeLoach v. Infinity Broad.*, 164 F.3d 398, 402 (7th Cir. 1999) (holding that conclusory allegations lacking supporting evidence in an affidavit is improper); *see also Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985) (holding that legal argument contained within an affidavit is improper and insufficient to preclude summary judgment); *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (holding that inferences or opinions not "grounded in observation or other first-hand personal experience are improper in an affidavit); *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999) (holding that mere speculation or conjecture in an affidavit is insufficient to preclude summary judgment).

in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).**

6.     **If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: July 15, 2025

<u>s/Jonathan E. Hawley</u>

U.S. District Judge